## MARTINELLI v. UNITED STATES.
### No. 3387.

Circuit Court of Appeals, First Circuit.
Jan. 24, 1939.

James B. Littlefield, of Providence, R. I., for appellant.

William J. Hession, of Boston, Mass., and Young M. Smith, of Washington, D. C. (Timothy A. Curtin, of Boston, Mass., Julius C. Martin, Wilbur C. Pickett, and Fendall Marbury, all of Washington, D. C., and J. Howard McGrath, of Providence, R. I., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

In this case the plaintiff seeks to recover on a war risk insurance policy, alleging that he was totally and permanently disabled at the time of his discharge and while his policy was in effect.

A jury having been duly waived, trial was had before the District Judge who found that the plaintiff had not established that he was totally and permanently disabled while his policy of insurance was in effect; and, the defendant having moved for judgment, judgment was entered in its favor, subject to the plaintiff's exception. This is assigned as error.

The question raised is not whether there was any substantial evidence to support a finding for the plaintiff, but whether, as a matter of law, no other conclusion could be drawn from the evidence than that the plaintiff was totally and permanently disabled while his policy was in effect. After carefully considering this question, we think the evidence submitted was not such as to require, as a matter of law, a finding in favor of the plaintiff.

A subsidiary question is whether the court below erred in denying the plaintiff's motions to amend his petition and to continue the case to procure evidence in support of the amendment. The evidence introduced at the trial tended to show that down to May 2, 1922, and since that time, the plaintiff or his guardian had been paid all the compensation due him from the government so that nothing remained in its hands that could be applied on the premiums due on the policy for the purpose of keeping it alive after December 1, 1919, when it lapsed.

Furthermore the motions to amend and to continue the case were without foundation in fact. When they were presented counsel for the plaintiff made no offer showing knowledge or reason to believe that any compensation awarded the peti-

tioner by the government had not been paid him or his guardian; and his subsequent inquiry showed that no compensation awarded the petitioner before May 2, 1922, or subsequently, remained in the hands of the government and had not been paid the petitioner or his guardian. The court did not err in denying these motions.

The judgment of the District Court is affirmed.